PER CURIAM.
This is an interlocutory appeal to this court on an order entered the 24th day of June, 1959, wherein the Circuit Court of Martin County vacated and set aside a final decree of annulment in which the marriage of appellant and appellee was declared to be void ab initio and annulled.
*26 The complaint filed by the appellant, plaintiff below, charged extreme cruelty and also habitual indulgence in a violent and ungovernable temper. At the final hearing before the court, the appellant, upon motion, was given permission to amend his complaint by alleging a void marriage between appellant and appellee by reason of the existence of a common law marriage between the appellee and one Harold A. Smith on the date the appellee and appellant were married to each other. A petition for rehearing was filed by the appellee which was objected to by the plaintiff below on the ground, among others, that it was not sworn to by the appellee-defendant. Subsequently, a second petition for rehearing was filed by the defendant below which the record does not show was objected to by the appellant. The basis of the rehearing was primarily that the defendant was in a position to prove that no common law marriage had ever been consummated between the defendant and Harold A. Smith. In her first petition for rehearing, the defendant alleged that she was taken by surprise and was not in a position at that time to offer any testimony to rebut the alleged common law marriage because she was called upon to give testimony at the final hearing at which hearing amendment to complaint was authorized to set up the alleged common law marriage.
An affidavit was filed, signed by Harold A. Smith, a resident of the County of Polk, State of Iowa, in which he denied that he had ever entered into an agreement of contract with Rosemary Pye to live together as husband and wife, and that he had never lived with her in any apartment, motel, house or other living quarters as husband and wife, and he never made any statements or informed any person that he was the husband of Rosemary Pye, etc. The affidavit apparently attempted to rebut various testimony that was made before the Circuit Judge at the time the final decree was granted. It is not apparent from the record whether any objections were made by the attorney for the appellee at the time the court below permitted the plaintiff to amend his complaint to charge that the marriage was void in its inception, instead of proceeding with his proof on the grounds of extreme cruelty and habitual indulgence in a violent and ungovernable-temper.
No transcript of the testimony was in the record on appeal in this case, nor does any testimony appear in the appellant’s appendix, so this court cannot determine what objections may or may not have been made before the circuit judge at the time the testimony was taken.
Since the State has an interest in all cases involving divorces, we cannot say that the lower court committed error in this case in granting the petition for rehearing so that he might have before him at a second hearing all the facts and witnesses from which he could determine the truth or falsity of the charges made.
Affirmed.
ALLEN, C. J., and KANNER, J., and KELLY, CLIFTON, A. J., concur.